# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JESSICA BLINKHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. __CV422-142__ |
| RASKIN SAVANNAH CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, JESSICA BLINKHORN, by and through the undersigned counsel, and files this, her Complaint against Defendant RASKIN SAVANNAH CO., INC. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2.     Venue is proper in the federal District Court for the Southern District of Georgia, Savannah Division, as the parcels of real property at issue in this case, and concerning which Plaintiff seeks injunctive relief in this Complaint, is located in Chatham County, Georgia.

## PARTIES

3.     Plaintiff Jessica Blinkhorn (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4.     Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6.     Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7.     Defendant RASKIN SAVANNAH CO., INC. (hereinafter "Defendant") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8.     Defendant may be properly served with process via its registered agent for service, to wit: Daniel E. Raskin, 325 Hammond Drive, Suite 114, Atlanta, Georgia 30328.

## FACTUAL ALLEGATIONS

9.     On or about July 25, 2021 and May 23, 2022, Plaintiff was a customer at "Five Guys Store #GA-1278," a business located at 4690 US Highway 80E, Whitemarsh Island, Georgia 31410.

10.     On or about May 3, 2022 and May 23, 2022, Plaintiff was a customer at "Whitemarsh Beverage Center," a business located at 4700 US Highway 80E,

Whitemarsh Island, Georgia 31410.

11.    Defendant is the owner (or co-owner) of the two adjoining parcels of real property and improvements that are the subject of this action. (The two separate structures and improvements situated upon said real property shall be referenced herein as the "4690 Facility" and the "4700 Facility" (together, the "Facilities") said two adjoining parcels of real property shall be referenced herein together as the "Property").

12.    Plaintiff's access to the businesses located at 4690 US Highway 80E, Whitemarsh Island, Georgia 31410 (Chatham County Property Appraiser's parcel number 10128 02010) and 4700 US Highway 80E, Whitemarsh Island, Georgia 31410 (Chatham County Property Appraiser's parcel number 10128 02011), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

13.    Plaintiff regularly travels to the Savannah, Georgia area and the near vicinity of the Facilities and Property, having made approximately six (6) such trips during the eighteen (18) months prior to the filing of the instant complaint.

14.    Plaintiff has visited the Facilities and Property several times to date, and intends on revisiting the Facilities and Property once the Facilities and Property are made accessible.

15.    Plaintiff intends to revisit the Facilities and Property to purchase goods

and/or services.

16.     Plaintiff travelled to the Facilities and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

17.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* (the "ADA").

18.      The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

19.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

20.     Each Facility is a public accommodation and service establishment.

21.     The Property is a public accommodation and service establishment.

22.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

23.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and

gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

24.     Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

25.     Each Facility must be, but is not, in compliance with the ADA and ADAAG.

26.     The Property must be, but is not, in compliance with the ADA and ADAAG.

27.      Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and Property in her capacity as a customer of the Facilities and Property, and as an advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit her access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Plaintiff intends to visit the Facilities and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit her access to the Facilities and Property

and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30.     Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

31.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

(a)     **EXTERIOR ELEMENTS:**

(i)     The access aisle adjacent to the accessible parking space on the Property most proximate to the 4690 Facility is not level due to the presence of a ramp and poles within the boundaries of said access

6

aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(ii)     The total number of accessible parking spaces on the Property that comply with section 502 of the 2010 ADAAG standards is inadequate, in violation of section 208.2 of the 2010 ADAAG standards.

(iii)    Accessible parking spaces are not properly located or distributed on the Property, in violation of section 208.3 of the 2010 ADAAG standards.

(iv)    The ramp on the Property most proximate to the "Chevron" portion of the 4700 Facility has a running slope exceeding 1:12 (one to twelve), in violation of section 405.2 of the 2010 ADAAG standards.

(v)     The side flares of the ramp on the Property most proximate to the "Chevron" portion of the 4700 Facility have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(vi)    There are vertical rises in excess of ¼" (one quarter inch) at the base and landing of the accessible ramp on the Property most proximate to the "Chevron" portion of the 4700 Facility (approximately ½" (one half inch) at its base, and 1" (one inch) at its landing), in violation of section 405.7 of the 2010 ADAAG standards.

(vii)   The portion of the exterior accessible route on the Property most proximate to Suite E of the 4700 Facility has a cross-slope in excess

of 1:48 (one to forty-eight), in violation of section 403.2 of the 2010 ADAAG standards. (This portion of the exterior accessible route is also obstructed by tables and chairs, in violation of section 403.5.1 of the 2010 ADAAG standards).

(viii)   The two (2) accessible parking spaces on the Property most proximate to Suite G of the 4700 Facility are each missing proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

(ix)   The two (2) accessible parking spaces on the Property most proximate to Suite G of the 4700 Facility each do not have an adjacent access aisles, in violation of section 502.3 of the 2010 ADAAG standards.

(x)   The accessible ramp on the Property most proximate to Suite G of the 4700 Facility is situated in front of parking spaces, and thus ramp is obstructed when vehicles are parked in such spaces, resulting in the ramp's width being below the minimum 36" (thirty-six inches), in violation of sections 403.5.1 and 502.7 of the 2010 ADAAG standards.

(xi)   The ground surfaces of the accessible ramp on the Property most proximate to Suite G of the 4700 Facility are not stable or slip resistant, and are broken and/or unstable, in violation of section 405.4 of the 2010 ADAAG standards.

(xii)   The ramp servicing the Property most proximate to Suite G of the 4700 Facility also lacks finished edges (or edge protection), in violation of section 405.9 of the 2010 ADAAG standards.

(xiii)   The accessible ramp on the Property most proximate to Suite H of the 4700 Facility is situated in front of parking spaces, and thus ramp is obstructed when vehicles are parked in such spaces, resulting in the ramp's width being below the minimum 36" (thirty-six inches), in violation of sections 403.5.1 and 502.7 of the 2010 ADAAG standards.

(xiv)   There is broken pavement and vertical rises in excess of ¼" (one quarter inch) at the base and landing of the accessible ramp on the Property most proximate to Suite J of the 4700 Facility, in violation of section 405.7 of the 2010 ADAAG standards.

(xv)   The side flares of the ramp on the Property most proximate to Suite J of the 4700 Facility have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(xvi)   The accessible parking space on the Property most proximate to Suite M of the 4700 Facility is missing proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

(xvii)   The accessible parking space on the Property most proximate to Suite M of the 4700 Facility is not adequately marked, in violation of section 502.1 of the 2010 ADAAG standards.

(xviii) The access aisle adjacent to the accessible space on the Property most proximate to Suite M of the 4700 Facility has significant amounts of broken pavement within its boundaries, resulting in numerous vertical rises in excess of ¼" (one quarter inch), in violation of section 502.4 of the 2010 ADAAG standards.

(xix)  The ramp on the Property most proximate to Suite M of the 4700 Facility has a running slope exceeding 1:12 (one to twelve), in violation of section 405.2 of the 2010 ADAAG standards.

(xx)   The ramp on the Property most proximate to Suite M of the 4700 Facility also lacks finished edges (or edge protection), in violation of section 405.9 of the 2010 ADAAG standards.

**(b)**    **INTERIOR ELEMENTS:**

(i)    The doors to the restrooms in the 4690 Facility require an opening force in excess of 5 lbs. (five pounds), in violation of section 404.2.9 of the 2010 ADAAG standards.

(ii)   The restrooms in the 4690 Facility have sinks that do not provide for adequate knee and toe clearance thereunder, in violation of section 606.2 of the 2010 ADAAG standards.

**(c)**    **POLICY ELEMENTS**

(i)    The Facilities and Property have not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by

persons with disabilities, in violation of section 28 C.F.R. § 36.211.

(ii)     Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facilities and Property are readily accessible to, and usable by, disabled individuals.

32.     Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to utilize the disabled accessible parking space servicing the 4690 Facility, more difficult for Plaintiff to exit and re-enter her vehicle at each Facility, more difficult for Plaintiff to travel upon the exterior accessible routes on the Property, and more difficult and dangerous for Plaintiff to utilize the ramps on the Property servicing the 4700 Facility.

33.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facilities and Property.

34.     Plaintiff requires an inspection of Facilities and Property in order to determine all of the discriminatory conditions present at the Facilities and Property in violation of the ADA.

35.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36.      All of the violations alleged herein are readily achievable to modify to

bring the Facilities and Property into compliance with the ADA.

37.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

38.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

39.    In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

41.    Plaintiff's requested relief serves the public interest.

42.    The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: June 2, 2022.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com